Larry Dana #34049
ISCC-G3-16-B
P.O. Box 70010
Boise, Id. 83707

U.S. COURTS

JUN - 8 2018

Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# In The United States District Court For The District Of Idaho

| | |
|---|---|
| Larry Dana, Plaintiff, vs. Washington County Detention Center, Sheriff Matt A. Thomas, Lt. Erikson, Sgt. Caldwell, Cpl. Phillips, I.S.C.I. Warden Yordy, Corizon Correctional Health Care, and Rona Seigert, Defendants | Case No. 1:18-cv-262-BLW<br><br>Plaintiff's Verified Prisoner's Civil Rights Complaint §1983, For Damages, Declaratory Relief, and Injunctive Relief |

Comes Now, Larry Dana, Plaintiff in the above entitled, to Lodge with this Honorable Court, the Plaintiff's Verified Prisoner's Civil Rights Complaint §1983, for Damages, Declaratory Relief, and Injunctive Relief, pursuant to 42 U.S.C. §1983.

Plaintiff requests Jury Trial.

1.

- Plaintiff requests Appointment of Counsel.
- Plaintiff should be Appointed Counsel.
- Under 28 U.S.C. §1915(e)(1), courts are granted discretion to "request an attorney to represent any person unable to afford counsel", id. under "exceptional circumstances". Agyeman vs. Corrs. Corp. of Am., 390 F.3d 1101, 1103, (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).
- Satisfying the "exceptional circumstances" standard requires a two-tiered analysis demanding "an evaluation of the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved". Id. at 800 n. 8 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). This Court has emphasized that these factors should be viewed together, and that niether factor is dispositive. 30.64 Acres of Land, 795 F.2d at 800 n. 8 (citing Wilborn, 789 F.2d at 1331).

- "Prison walls do not form a barrier seperating inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). Prison guards may not retaliate against inmates or inflict cruel and unusual punishment on them for exercising their First Amendment rights.

2.

## Summons Section

- Plaintiff Larry Dana is a citizen of Idaho currently residing at:
Physical Address:
   ISCC
   14601 South Pleasant Valley rd.
   Kuna, Id. 83634
Mailing Address:
   ISCC - G3-16-B
   P.O. Box 70010
   Boise, Id. 83707

- Defendant Washington County Detention Center is a County Entity in the State of Idaho, whose address is:
   Washington County Detention Center
   262 East Court st.
   Weiser, Id. 83672,
who was the entity charged with housing of the Plaintiff, aquiring medical care for the Plaintiff, and was clothed in the color of state law at all times relevant to this instant case. Washington County Detention Center is being sued in it's Official Capacity via allegations of customs or policies to Treat inmates (Plaintiff) with Deliberate-Indifference to their/his Serious Medical needs, violating Eighth Amendment.

3.

- Defendant Sheriff Matt A. Thomas is a citizen of Idaho whose address is: 262 East Court St., Weiser, Id. 83672, and who was employed by Washington County as Sheriff and was clothed in the color of state law at all times relevant to this instant case. Sheriff Matt A. Thomas is being sued in his Official and Individual Capacity via allegations of customs or policies to Treat inmates (Plaintiff) with Deliberate-Indifference to their/his Serious medical needs, violating Eighth Amendment.

- Defendant Lt. Erikson is a citizen of Idaho whose address is: 262 East Court St., Weiser, Id. 83672, and who was employed by Washington County as a Lieutenant at the County Detention Center, and who was clothed in the color of state law at all times relevant to this instant case. Lt. Erikson is being sued in his Official and Individual Capacity via allegations of Deliberate-Indifference to Plaintiff's Serious medical needs, Violating Eighth Amendment.

- Defendant Sgt. Caldwell is a citizen of Idaho whose address is: 262 East Court St., Weiser, Id. 83672, and who was employed by Washington County as a Sergeant at the County Detention Center, and who was clothed in the color of state law at all times relevant to this instant

4.

case. Sgt. Caldwell is being sued in her Official and Individual Capacity via allegations of Deliberate-Indifference to Plaintiff's Serious Medical needs. Violating Eighth Amendment.

- Defendant Cpl. Phillips is a citizen of Idaho whose address is: 262 East Court St., Weiser, Id. 83672, and who was employed by Washington County as a Corporal at the County Detention Center, and who was clothed in the color of state law at all times relevant to this instant case. Cpl. Phillips is being sued in his Official and Individual Capacity via allegations of Deliberate-Indifference to Plaintiff's Serious Medical needs. Violating Eighth Amendment.

- Defendant ISCI Warden Yordy is a citizen Idaho whose address is: ISCI, P.O. Box 14, Boise, Id. 83707, and who was employed by I.D.O.C. as the Warden of I.S.C.I., and who was clothed in the color of state law at all times relevant to this instant case. Yordy is being sued in his Official Capacity via allegations of customs or policies to Treat inmates (Plaintiff) with Deliberate-Indifference to their/his Serious Medical needs. Violating Eighth Amendment.

5.

- Defendant Corizon Correctional Health Care is a privately contracted medical providing entity whose address is:
Corizon Correctional Health Care
7301 East Emerald St., Suite 103, Boise, Id. 83704, and who was Contracted by IDOC to give medical care to inmates in the IDOC/ISCI, and who was clothed in the color of state law at all times relevant to this instant case. Corizon is being sued in its Official and Individual Capacity via allegations of customs or policies to Treat inmates (Plaintiff) with Deliberate-Indifference to their/his Serious Medical needs. Violating Eighth Amendment.

- Defendant Rona Seigert is a citizen of Idaho whose address is: 7301 East Emerald St., Suite 103, Boise, Id. 83704, and who was employed by Corizon Correctional Health Care as an Administrator Official of Corizon, and who clothed in the color of state law at all times relevant to this instant case. Rona Seigert is being sued in her Official and Individual Capacity via allegations of customs or policies to Treat inmates (Plaintiff) with Deliberate-Indifference to their/his Serious Medical needs. Violating Eighth Amendment.

# Introduction

Plaintiff, Larry Dana, is an inmate in the IDOC, convicted of crimes out of Washington County Idaho. Dana was housed in Washington County from approximately April 9th, 2016, until around the begining of 2017, when he was sent for a brief time to Payett County, then to Prison in the IDOC. Dana was in Serious Medical need because of Hepatitis-C, which resulted in Stage 4 Hep.-C, and Serosis of the Liver. That... if not.... and "But For" the Defendants named herein grossly neglegent and Deliberately Indifferent Denials of Treatment (Cure) for Hep-C this Permanent Liver Damage could not have occurred as "Harvonie" is a Cure for Hep-C... Not merely another Treatment.... and "Cutting Costs" is not an Excuse for Denying Medical Treatment to an inmate that Can Not seek Medical Care for himself.

Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)(holding that prisoner's interest in safety and medical care outweighed state's interest in saving money by cutting staff.);

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm, Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct.

2673 (1976); American Trucking Associates, Inc., v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prison litigation generally, see Jolley v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); McClendon v. City of Albuquerque, 272 F. Supp. 2d 1250, 1259 (D.N.M. 2003); and specifically in prison medical care cases. Phillips v. Michigan Dept. of Corrections, 731 F. Supp. 792, 801 (W.D. Mich. 1990), aff'd, 932 F.3d 969 (6th Cir. 1991).

# Facts Section

On or about April 19th, 2016, Larry Dana (Plaintiff) was arrested and booked into Washington County Detention Center.

From the initial intake medical screening, the Plaintiff requested Testing, Diagnosis, and Treatment for his Hepatitis-C.

He was originally told by Cpl. Phillips ... that "you can't get Hep.-C treatment in this jail .... deal with it when you get out or get to prison". On May 19th, 2016.

As time pressed on Cpl. Phillips told Plaintiff "get treatment when you get out or plead guilty so you can get it treated when you get to prison".

Plaintiff turned to Sheriff Thomas, Lt. Erikson, and Sgt. Caldwell, explaining what Phillips said, and they put Plaintiff in The Hole ... then told him "plead guilty so you can get to prison and get treated".

Both Sgt. Caldwell, and Lt. Erikson took turns putting Plaintiff in The Hole, Threatening him with Punitive Actions, Time in The Hole, and Refusals to Treat his Hep.-C until the Plaintiff gave them a Guilty Plea.

These actions resulted in #1. Plaintiff entering a guilty plea for Medical Care, and #2. The Defendants refusing Plaintiff any care

for his Hep.-C, despite his constant
pleas for help.
- The severity of Plaintiff's Hep.-C, became Stage (4) Four Serosis of the Liver, because it went untreated for so long.
- This damage to Plaintiff's Liver could not have occurred if not and "But For" the Horrific Denial of Adequate Medical Treatment by Custom or Policy of the Washington County Detention Center, it's Sheriff Matt A. Thomas, Lt. Erikson, Sgt. Caldwell, and Cpl. Phillips.
- The above alleged facts attach both, Official Capacity Liability, and Individual Capacity Liability to Washington County Detention Center and it's Official Defendants.
- Approximately spring of 2017, Plaintiff arrived at ISCI Prison.
- Plaintiff still having gone untreated for his Hep.-C, and Serosis of the Liver... he immediately began submitting IDOC Internal Grievance System Concern Forms, Grievances and Appeals to the appropriate IDOC Official Contracted Medical Care Providers, Corizon Correctional Health Care, and Rona Seigert, regarding the Serious Medical needs for Testing, Diagnosis, and Treatment for his Hep.-C.
- These Defendants just blew off his

requests for help via Health Service Request forms (H.S.R.s), Concern forms, Grievances, and Appeals allowing the Hep.-C, and Serosis of the Liver to greatly worsen.

- It wasn't until July 27th 2017, that the Corizon Defendants scheduled Plaintiff to go to the Wellness Center for Testing, Diagnosis, and a Treatment Plan.

- The Diagnosis was Stage (4) Four - Serosis of the Liver ... due to the Delay in Treatment.

- Even though it had only been (4) Four - Months or so from arrival at ISCI Prison and the scheduling of the appointment with the Wellness Center ... who did eventually begin Treatment ... the Liver Damage could not have reached the full extent of Stage (4) Four Serosis ... if not, and ..."But For" the Custom or Policy of Corizon and their Officials to Deny Medical Care as long as possible as to try and "cut costs", Treatment didn't begin until January 2018.

- This "Custom or Policy" amounts to Deliberate-Indifference, and Attaches both, Official Capacity Liability, and Individual Capacity Liability to Corizon, and Corizon's Official Rona Siegert.

- Defendant Warden Yordy is named herein, because ... as "Warden" of ISCI,

11.

- Yordy is the State-Actor Defendant, and IDOC Official Resposnible for Creating, Adopting, and Enforcing Customs or Policies to get inmates housed at ISCI Prison appropriate Medical Care.
- The Custom or Policy to Deny Medical Care to inmates (Plaintiff) for as long as possible ... until the inmate (Plaintiff) is able to Force IDOC Officials and the Corizon Company, and their Staff to begin Treatment .... in this case Caused Stage (4) Four Serosis of the Liver to the Plaintiff, amounting to Deliberate-Indifference, and Attaches Official Capacity Liability to Warden Yordy.
- Plaintiff's life has been greatly shortened, and he is experiencing very serious health problems because of the Liver Damage.
- This is not acceptable in the year 2018, by this stage of earths growth as a civilization ... we should be past these issues.
- For the reasons set forth herein this instant cases facts section ... Plaintiff alleges Liability for the Stage (4) Four Serios's of the Liver falls Sharply on these named Defendants.

12.

## Claims #1. Deliberate Indifference

1.(a)  The Denials by Washington County Detention Center and Defendants Sheriff Thomas, Lt. Erikson, Sgt. Caldwell, and Cpl. Phillips, to get Plaintiff Testing, Diagnosis, and/or Treatment for his Hepatitis-C, to "cut costs", and to force him to plead guilty clearly amounts to Deliberate Indifference violating Eighth Amendment.

1.(b)  The Customs or Policies by Washington County Detention Center, and Defendants Thomas, Erikson, Caldwell, and Phillips to Refuse appropriate Medical Care to inmates (Plaintiff) amounts to an unconstitutional custom or policy of Deliberate Indifference and violates Eighth Amendment.

1.(c).  Corizon Correctional Health Care, and Defendant Rona Siegert have Created, Adopted and/or Enforced unconstitutional Customs or Policies to put off inmates (Plaintiff) attempting to aviod giving them/him Medical Care thats costly amounts to Deliberate Indifference and Violates the Eighth Amendment.

1.(d). The Failure of ISCI Warden Yordy to Create, Adopt and/or Maintain a Policy or Custom to render Appropriate Medical Treatment to inmates (Plaintiff) amounts to Deliberate Indifference and Violates Eighth Amendment.

1.(e). The Failure to Act to get Plaintiff Medical Treatment for Hepatitis-C after Notice was given to him of the severity of this disease amounts to Deliberate Indifference and Violates the Eighth Amendment.

2. Claim #2. Violations of Due Process of Law.

2(a). Defendants Sheriff Matt A. Thomas, Lt. Erikson, Sgt. Caldwell, and Cpl. Phillips abuse of their badges, by withholding Basic Human needs (Medical Treatment) until Plaintiff pleads Guilty to Felony Crimes .... Clearly Violates the Due-Process of Law Clause of the Fourteenth Amendment.

## Standard for Review.

To state an Eighth Amendment claim regarding prison medical care, a plaintiff must allege facts showing that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citing Estelle v. Gamble, 429 U.S. 97, 103-04 (1976)). "Because sociaty does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'". Id. The definition of serious medical need includes the following:

failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain;... [T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc., v. Miller, 104 F.3d 1133 (9th Cir. 1997).

# Prayer for Relief

A. Plaintiff seeks an award of Compensatory Damages from each Defendant in the amount of $75,000.00 per Defendant.

B. Plaintiff seeks an award of General Damages from each Defendant in the amount of $50,000.00 per Defendant

C. Plaintiff seeks an award of Punitive Damages from each Defendant in the amount of $450,000.00 per Defendant

D. Plaintiff seeks Declaratory Relief of declarations from this Court showing each of these Defendants willfully violated his Constitutional rights... to be used to seek Criminal Charges via 18 USC 42; U.S. v. Walsh.

E. Plaintiff seeks Injunctive Relief consisting of an Injunctive Order from this Court to Transfer Plaintiff to one of the following facilities:
(1). Givens Hall
(2) Saint Anthonys
(3) Cottonwood
(4) Any Idaho C.W.C.

16.

I declare under penalty of perjury that all statements made herein are true to the best of my knowledge.

Larry Dana #34049

X _Dana_ _____   X 6-4-18 _____
    Signiture                        Date

---

I certify that on the 5th day of June, 2018, I mailed via ISCC Paralegal for mailing through the U.S. Postal Service a true and correct copy of the Plaintiff's Verified Prisoner's Civil Rights Complaint §1983, for Damages, Declaratory Relief, and Injunctive Relief

To:

IDOC A.G. Office, C/o Mark Kubinsk
1299 North Orchard, Suite 110
Boise, Id. 83706

Larry Dana #34049

X _Dana_ _____   X 6-5-18 _____
    Signiture                        Date

17.