SETH D. LEVY (ID SBN 10703)
slevy@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Telephone:  (213) 629-6000
Facsimile:   (213) 629-6009

FREDRIC C. NELSON (CA SBN 48402) (*pro hac vice*)
fnelson@nixonpeabody.com
MATTHEW A. RICHARDS (CA SBN 233166) (*pro hac vice*)
mrichards@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA  94111-3600
Telephone:  (415) 984-8200
Facsimile:   (415) 984-8300

*Attorneys for Plaintiff Larry Dana*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY DANA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WASHINGTON COUNTY DETENTION CENTER; SHERIFF MATT A. THOMAS; LT. ERIKSON; SGT. CALDWELL; CPL. PHILLIPS; ISCI WARDEN RAMIREZ[1]; CORIZON CORRECTIONAL HEALTHCARE; and RONA SIEGERT,<br><br>　　　　　　　Defendants. | Case No. 1:18-cv-00262-REB<br><br>**STIPULATED PROTECTIVE ORDER** |

---

[1] Defendant Ramirez is substituted for his predecessor, Howard Keith Yordy, as Warden of the Idaho State Correctional Institution.  *See* Fed. R. Civ. 25(d).

# **STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure all parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by this Protective Order.  Information subject to this Protective Order may be used only for the purposes of this litigation.  In order to adequately protect material entitled to be kept confidential, expedite the flow of discovery, and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. Documents or information produced or provided by the parties during the course of discovery in the above-titled matter may be designated as "Confidential Information" so long as the document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means (a) any and all personal medical and mental health records and information regarding the Plaintiff, (b) any personnel or personal information of the current or former employees of the Idaho Department of Corrections ("IDOC"), (c) any personnel or personal information of the current or former employees of the Idaho State Correctional Institution ("ISCI"), (d) any personnel or personal information of the current or former employees of Corizon Correctional Healthcare ("Corizon"), (e) any document or information designated as confidential in accordance with paragraph 6 of this Order, (f) any and all documents maintained by the IDOC that the prison has an interest in maintaining from public disclosure due to security, operational, or privacy concerns, and (g) any aggregation of Confidential Information.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and

exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party, including third parties who produce documents pursuant to a subpoena, that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. The Producing Party may designate as Confidential Information any information that is confidential as defined by Paragraph 2. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

    a) named Plaintiff, including her legal representatives. However, Defendants reserve the right to further modify the disclosure of some confidential

information to prevent disclosure of information to Plaintiff due to security, operational, or privacy concerns;

b)  the Court and its officers (including court reporters) either in public filings or on the record in open court.  This protective order does not require any and all confidential information to be provided to the court under seal.  If a party desires any such information to be filed under seal, then the party must file the requisite motion pursuant to the applicable federal and local rules;

c)  counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation and who agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

d)  named Defendants, including their legal representatives, and their managers, officials, or employees whose assistance defense counsel requires to defend this action;

e)  experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

f)  fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in Paragraph 8 of this Order.

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(e) or 7(f) of this Order only under the conditions set forth below:

    a) Prior to disclosure of Confidential Information to persons described in paragraphs 7(e) or 7(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

    b) Any person who receives Confidential Information pursuant to paragraph 7(f), shall execute an Agreement in the form annexed hereto as Attachment 1. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

    c) The Recipient who discloses Confidential Information pursuant to paragraphs 7(e) or 7(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In an effort to settle such challenges without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If

resolution of the dispute cannot be reached, the Recipient or Producing Party may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the applicable rules, and applicable case law. During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

10. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

12. Within thirty (30) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any non-work product Documents incorporating such information. Alternatively, the Recipient shall destroy all such materials and provide the Producing Party with a written certification of destruction to attest that all such materials have been destroyed. Provided, however, that counsel for a party is not obligated to destroy or return all confidential information received and, to the contrary, is permitted to keep one copy of any confidential information in his/her legal file recognizing counsels' ethical and professional obligations to maintain a copy of his/her clients' litigation file as required by state and/or federal law.

13. The restrictions set forth in this Order shall not apply to information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order. Whether information that becomes a matter of public record in any other manner may still be subject to protection as Confidential Information shall be determined according to the standards and procedures set forth in Paragraphs 2 through 10 of this Order. The owner of Confidential Information shall be able to seek protection of that information in accordance with Paragraph 6 of this Order even if it did not produce that information in discovery.

14. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

15. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Likewise, the parties maintain the right to assert any and all objections to the production or disclosure of information and documents that qualify as Confidential Information pursuant to paragraph 2. No presumption is herein recognized that documents qualifying as Confidential Information are otherwise discoverable. Furthermore,

nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

16. In the event any party or its counsel obtains information regarding another party from a third party that said party believes is confidential, said party may designate such information Confidential Information pursuant to this and Order and it shall be treated as such in accordance with this Order.

17. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

18. In order to avoid the need for parties in this litigation to produce duplicate records, materials produced in this litigation may be used in the related litigation titled *Dana v. Henry Atencio, et al.* (Case No. 1:18-cv-00298-CWD) subject to the terms of any protective order entered in that case. Similarly, materials produced in the above referenced litigation may be used in this litigation subject to the terms of this protective order.

19. Nothing in this Order or in any Order entered in *Dana v. Henry Atencio, et al.* (Case No. 1:18-cv-00298-CWD) shall be construed to prohibit, interfere with, or inhibit any disclosure of information regarding Plaintiff: (a) made between Plaintiff and Plaintiff's medical providers; (b) made between Plaintiff's medical providers; (c) made between Plaintiff's medical providers and employees or agents of IDOC relating to Plaintiff's incarceration in the custody of IDOC; (d) made between IDOC employees or agents, or between IDOC employees or agents and other

law enforcement personnel, in the normal course of IDOC operations or otherwise relating to prison safety, security, or legitimate penological purposes; or (e) that is de-identified to protect the confidentiality of identifying details of Plaintiff's personal medical information.

20. The Court finds that good cause exists for entry of this Order, which is necessary and justified to restrict disclosure of sensitive information. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 8, 2019                NIXON PEABODY LLP


By: */s/ Seth D. Levy*
    Seth D. Levy
    Fredric C. Nelson
    Matthew A. Richards
*Attorneys for Plaintiff Larry Dana*

Dated: April 8, 2019                MICHAEL KANE & ASSOCIATES, PLLC


By: */s/ Michael J. Kane*
    Michael J. Kane
*Counsel for Defendants Sheriff Matt A. Thomas; Lt. Erikson; Sgt. Caldwell; and Cpl. Phillips*

Dated: April 8, 2019                EMILY A. MAC MASTER


By: */s/ Emily A. Mac Master*
    Emily A. Mac Master
*Counsel for Defendant ISCI Warden Alberto Ramirez*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____
                                                                                           JUDGE RONALD E. BUSH

## **ATTACHMENT 1**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Idaho on _____ in the case of <u>Larry Dana v. Washington County Detention Center, et al</u>, CASE NO. 1:18-cv-00262-REB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Idaho for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Idaho agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____